**SHAKED LAW GROUP, P.C.**
ATTORNEYS-AT-LAW
14 HARWOOD COURT, SUITE 415
SCARSDALE, NEW YORK 10583

_____

TEL. (917) 373-9128
ShakedLawGroup@Gmail.com

May 31, 2023

**Via ECF**
Honorable Vernon S. Broderick
Judge, United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Linda Slade v. Vekstrate One LLC**
**1:22-cv-9928-VSB**
**Joint Letter**

Dear Judge Broderick,

The parties in the above-referenced action respectfully submit this joint letter in accordance with Your Honor's Order and Notice of Initial Conference.

I. **Brief Statement of the Nature of the Case**

A. **Plaintiff's Position:**

Plaintiff brings this action against Defendant for its failure to design, construct, maintain and operate its website, www.PetParentsBrand.com, (the "Website") to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Consequently, Defendants are denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Defendants provide to its non-disabled customers through the Website. Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered is a violation of Plaintiff's rights under the Americans with Disabilities Act.

Plaintiff attempted to browse and make purchases on Defendant's Website using a popular screen-reading software, but was unable to access any of the products which are sold on the website to sighted persons. It is Defendant's policies and procedures to not offer Plaintiff and all other blind and visually impaired users access to its website and its failure to remove access barriers to its website which disabled consumers could access with the use of special software programs designed for visually-impaired persons to view and access public websites. These access barriers have denied Plaintiff full and equal access to Defendant's website and the goods

and services it provides to the public. As a result of Defendant's failure to comply with simple government guidelines, Defendant is engaging in the discrimination of others. Plaintiff seeks permanent injunctive and declaratory relief and other remedies, procedures and rights set forth under 42 U.S.C. § 12188 and the NYC Civil Rights Law including statutory, compensatory and punitive damages, pre and post judgment interest and reasonable costs and attorneys' fees in addition to such other relief this Court deems just and proper

Plaintiff alleges that Defendants violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York.

### B. Defendant's Position:

Defendant denies that it has violated any applicable law, including the ADA and the NYCHRL. Defendant further contends that this action is premature as the relevant legal authorities have not yet enacted, adopted, or promulgated specific standards for website accessibility.

Defendant further contends that this action is not appropriately certified as a class action under Fed. R. Civ. P. 23 as the alleged class is not, inter alia, sufficiently numerous or ascertainable.

## II. Brief Statement Regarding Subject Matter Jurisdiction and Venue

### A. Plaintiff's Position:

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*.

Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because the Plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

### B. Defendant's Position:

Defendant concedes that foregoing is an accurate summary of the bases for venue and jurisdiction asserted in the Complaint

## III. Contemplated Motions

### A. Plaintiff's Position:

There are no outstanding motions. Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.

### B. Defendant's Position:

Defendant will oppose any motion for class certification, and is considering the possibility of dispositive motions.

## IV. Discovery

### A. Plaintiff's Position:

Aside from an initial expert report concluding that the site was in fact not compliant with WCAG 2.1 standards and not accessible by any standard, no other discovery has taken place. Plaintiff expects to need fact discovery on whether Defendant has made any efforts to make its website accessible since the filing of the lawsuit, and also as to how many similarly situated visually-impaired consumers attempted to frequent Defendant's website. Regarding expert discovery, Plaintiff may offer an expert witness on ADA compliance.

### B. Defendant's Position:

No discovery has taken place yet. The parties do not require any specific discovery before being able to engage in meaningful communications to explore the early resolution of this action without further litigation.

## V. Settlement Discussions

Plaintiff has shared an offer to accept settlement and to avoid further litigation. Defendant has made a counter-offer.

Plaintiff seeks a settlement conference with a magistrate judge. Defendant opposes this request.

## VI. Estimated Length of Trial

The parties believe that a trial will take 2-3 days.

Respectfully submitted,

| SHAKED LAW GROUP, P.C. | DENTONS US LLP |
|---|---|
| By: __/s/Dan Shaked_____ | By: _/s/Karla Del Pozo García_____ |

| | |
|---|---|
| Dan Shaked, Esq.<br>14 Harwood Court, Suite 415<br>Scarsdale, NY 10583<br>Telephone: (917) 373-9128<br>Email: shakedlawgroup@gmail.com<br>*Attorneys for Plaintiff* | Karla Del Pozo Garcia, Esq.<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 768-5328<br>Email: karla.delpozogarcia@dentons.com<br>*Attorneys for Defendant* |